LILLIE H. KNAPP, Respondent, *v.* WALDO ELLIS KNAPP, Appellant,. Impleaded with ABRAM B. KNAPP.

*Partnership — liability of a retiring partner for an indebtedness subsequently created— evidence establishing credit dealings with a firm, entitling the creditor to actual notice of its dissolution.*

Proof that a woman employed in making umbrella bands for a firm, out of material supplied by it, was accustomed to either take her work to the firm in person, in which event she received payment therefor in cash, or else to send it to the firm, in which event the firm sent its check to her — sometimes to points out of town — is sufficient to establish credit dealings between the woman and the firm entitling her to notice of its dissolution in order to relieve the retiring partner from liability as to future dealings had by her with the continuing partner who continued to use the firm name.

In such a case the duration of the credit is immaterial.

APPEAL by the defendant, Waldo Ellis Knapp, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of November, 1897, upon the verdict of a jury, and also from an order, bearing date the 11th day of November, 1897, and entered in said clerk's office, denying said defendant's motion for a new trial made upon the minutes.

*John Howard Corwin,* for the appellant.

*Artemas B. Smith,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover a loan of $4,500 and interest, made by the plaintiff on the 1st of August, 1891, to the firm of Ellis, Knapp & Co. The question litigated was as to the liability of the defendant Waldo E. Knapp. It appeared that prior to the 30th of June, 1891, the defendants had been in partnership under the firm name of Ellis, Knapp & Co., and that there had been a dissolution of that firm on the 1st of July, 1891, a notice of which dissolution was published in the New York *Journal of Commerce,* and a certificate of the continued use of the firm name by the defendant Abram B. Knapp was also duly published and filed. No facts appeared which justified the filing of any such certificate. The

plaintiff, according to the verdict of the jury, had received no notice of the dissolution of the firm, and the question brought before us for consideration is whether she showed such a state of facts in respect to previous dealings with the firm while the defendant Waldo E. Knapp was a partner as entitled her to notice of the dissolution in order that as to future dealings the said Waldo E. Knapp should not be bound.

The firm of Ellis, Knapp & Co. were manufacturers of umbrellas and parasols, and it appears that for a considerable period of time prior to the alleged dissolution the plaintiff had been in the habit of receiving material from the firm to work up into the little bands that hold the umbrellas together when closed; that she had been accustomed either to take or to send her work back to the firm; when she took the work back personally she received cash for it; when she sent the work to them she was paid by the check of the firm which they sent to her, sometimes to points out of town. The plaintiff further testified that she had known the defendants nearly fourteen years, and that the defendant Abram B. Knapp was the brother of her deceased husband.

It is claimed upon the part of the appellant that upon the foregoing facts there was no ground for the jury to find that there were any credit dealings between the plaintiff and the firm prior to the loan of the money in question, but that all the transactions were cash transactions and did not involve any question of credit.

It is conceded that, in order to entitle the plaintiff to notice of the dissolution which it is claimed took place on the 1st of July, 1891, there must have been credit dealings between her and the firm. These, we think, she has established. She sent in her work and she accepted the obligation of the firm in payment — sometimes sent to a distance, and necessarily involving faith and credit. These were by no means cash transactions such as are spoken of in the books where goods are parted with and cash paid down. In such transactions there is no element of credit. In the case at bar the plaintiff parted with her work, received their draft, and necessarily gave credit until that draft was paid. How long a period of time elapsed between the sending of the work and the receipt of the check does not appear. But that fact is immaterial, so long as credit was given. The plaintiff did not receive the cash for her work; she delivered

it, lost her lien, and accepted their order upon the bank for its pay-ment. She thereby gave credit to the firm for work for which she had a lien until their draft upon the bank was paid. She parted with her rights upon credit, and the dealing was, for a certain period of time, a dealing upon credit. She seems, therefore, to have brought herself within the rule.

It is urged that the court erred in admitting the testimony of the plaintiff as to what took place at the time the money was loaned, in which she testified to the defendant Abram B. Knapp speaking of Waldo E. Knapp's obligation to pay. This was admissible in view of Abram B. Knapp's testimony that he had given the plaintiff notice of the dissolution; this testimony of the plaintiff relating to the same interview at which Knapp swore that he had given her such notice, and tending to weaken his testimony as to that fact.

There seems to have been no error committed, and the judgment and order appealed from should be affirmed, with costs.

BARRETT, RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Judgment and order affirmed, with costs.